# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| BRITTANY ALON, *et al.*, | Case No. 1:24-cv-00334-MWM |
| Plaintiffs, | |
| | JUDGE MATTHEW W. MCFARLAND |
| v. | |
| UNION INSTITUTE AND UNIVERSITY, *et al.* | |
| Defendants. | |

## SUPPLENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR WANT OF JURISDICTION & FAILURE TO STATE A CLAIM

**A. Introduction**

On March 17, 2025, Defendants Union Institute & University, along with its current and former Trustees[1] ("Defendants"), filed a Notice of Bankruptcy and Automatic Stay of Proceedings.[2] Doc. 25. Plaintiffs opposed the Automatic Stay, claiming that the voluntary petition for relief only applied to the University despite the fact that the Trustees were only named in their official capacities. Doc. 26. Thus, Plaintiffs argued that the case could proceed against the Trustees even though the University was bankrupt. Doc. 26, PageID #142. This is, of course, counterintuitive in that any judgment against Trustees, in their corporate capacities, would in effect be a judgment against Union, rendered without its participation. *Id*., PageID #146-147.

---

[1] The individual Defendants are: Edgar L. Smith, Jr., Dr. Jeffrey M. Shepard, Donald Feldman, Roger Allbee, Karen Biestman, Dr. Gladys Gosset Hankins, Dr. Edwin C. Marshall, Christine Van Duelmen, and its President Dr. Karen Schuster Webb.

[2] Because the bankruptcy court has not yet issued a final order or decree, it is unclear whether this issue is ripe for review because the stay presumably still applies to this action. *See In re Martin*, 542 B.R. 199, 202 (6th Cir. 2015) (citations omitted) ("The decision whether or not to lift the automatic stay resides within the sound discretion of the bankruptcy court.") Nonetheless, when the bankruptcy court does issue a final decree, Defendants maintain that this case should be dismissed for want of jurisdiction.

Thereafter, on April 17, 2025, Plaintiffs informed this Court of their filing of a Motion for Relief from Stay to Pursue Insurance Proceeds and Abandonment of Insurance Proceeds in the bankruptcy matter. Doc. 28. In that Motion, Plaintiffs argued that the "aggregate damages total can be satisfied by the $5,000,000 Policy limits." Doc. 28-2, PageID #164. Importantly, Plaintiffs also argue that the Policy covers claims in two additional matters before the Court, as well as any costs associated with the defense of all three actions. *Id*., PageID #171. On April 28, 2025, the Court ordered the Parties "to file supplemental briefing as to the question of subject matter jurisdiction, including the amount in controversy" and "the potential applicability of 28 U.S.C. § 1332(d)(3) and (4)."

However, even considering the Supplemental Response in Opposition to Defendants' Motion to Dismiss, Plaintiffs still cannot establish jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(3) and (d)(4). Nor can they establish as a matter of law that their aggregate claims exceed the $5 million threshold to assert a claim under CAFA.

### B. The Amount in Controversy Cannot Exceed $5 Million.

Instead of illustrating whether their Complaint demonstrates that the putative class members have sustained financial harm in excess of $5,000,000, now Plaintiffs generally allege that their "actual damages and compensatory damages would be satisfied by [Defendants' $5 million] Policy limits." ECF Doc. 33 PageID208. Thus, they claim, the amount of controversy requirement is satisfied. However, *even if* the Complaint sufficiently plead facts which illustrated that Plaintiffs' damages would exceed $5 million, which it did not,[3] merely claiming that Defendants' $5,000,000 Educators Legal Liability and Employment Practices Liability policy covers Plaintiffs' alleged damages still does not satisfy Plaintiffs' burden of *showing* that the amount in controversy plausibly exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

---

[3] Again, as plead in the Complaint, the financial harm sustained by the students of UIU is, at most, $753,374.00. Doc. 1, Ex. C, p. 13.

Further, in light of the Motion for Relief from Stay to Pursue Insurance Proceeds and Abandonment of Insurance Proceeds, Plaintiffs are estopped from arguing the amount in controversy could ever reach the requisite $5 million. Indeed, Plaintiffs cannot obtain relief from the bankruptcy court by claiming that their "claims in the aggregate are all covered by the Policy and [are] not anticipated to exceed its [$5,000,000] limits" while at the same time establishing federal diversity jurisdiction under CAFA because the "amount in controversy is more than $5,000,000.00 in the aggregate." Doc. 28-2, PageID #163, Doc. 33, PageID #208.

While the "Sixth Circuit has not decided whether, in an insurance dispute, courts should measure the amount in controversy by the policy limits or by the value of the underlying claim…district courts in the Sixth Circuit have held that the policy limits are controlling only when the validity of the entire contract is in dispute." *Radhakrishnan Ramamurth v. Stillwater Ins. Co.*, 2017 U.S. Dist. LEXIS 55085, at *3 (N.D. Ohio Apr. 11, 2017). Here, the policy limits are not in dispute, and the putative class has only been given leave from the automatic stay to pursue a recovery that might be available under the policy. *See* Trustee's Notice of Abandonment, attached as Exhibit C to Plaintiffs' Supplemental Response in Opposition to Defendants' Motion to Dismiss, Doc. 33, PageID #212.

To say it another way, Plaintiffs' potential class can only recover what is available within the four corners of the insurance contract. This excludes the cost of defense and any other expenses incurred in this action. And, because the policy limits are proportionately reduced by the defense costs, there can be no dispute that there is less than $5 million at issue in this case. *See, e.g., Williams v. Horace Mann Ins. Co.*, 2016 U.S. Dist. LEXIS 81509, *8-9 (E.D. Cal. June 20, 2016) (granting motion to dismiss for lack of jurisdiction where plaintiff could only recover policy limits, which were less than the amount in controversy); *Stonebridge Life Ins. Co. v. Verneuille*, 2007 U.S. Dist. LEXIS 326, *11-12 (S.D. Ala. Jan. 3, 2007) (granting motion to dismiss for lack of jurisdiction where "there were no categories of damages sought other than insurance proceeds"

3

and the insurance proceeds were less than the required amount in controversy). Accordingly, Plaintiff cannot establish that the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs," and the entire action should be dismissed for want of jurisdiction under 28 U.S.C. 1332(d)(1).

    C. **Plaintiffs Have Not Met Their Burden of Demonstrating That Jurisdiction Exists Under 28 U.S.C. § 1332(d)(3) and (d)(4).**

"Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." *Pittman v. Chase Home Fin., LLC*, 2007 U.S. Dist. LEXIS 53859, *5 (N.D. Ohio July 25, 2007) (citations omitted). A court may decline to exercise jurisdiction over a class action where 1) greater than one-third but less than two-thirds of the members of a proposed class are citizens of the state where the class action was originally filed, and 2) the primary defendants are citizens of the state where the class action was originally filed. 28 U.S.C. § 1332(d)(3).

Further, a court must decline to exercise jurisdiction over a class action under the local controversy exception, when: (1) more than two-thirds of the member of all proposed plaintiff classes are citizens of the state where the action was originally filed; (2) at least one defendant from whom significant relief is sought, whose conduct forms a significant basis for the claims, is a citizen of the state where the action was filed; (3) the principal injuries resulting from the alleged conduct occurred in that state; and (4) no other similar class actions have been filed against any of the defendants in the preceding three years. 28 U.S.C. § 1332(d)(4); *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 386-87 (6th Cir. 2016) ("If these four elements are present, the district court must abstain from hearing the case, despite having jurisdiction under §1332(d)(2)").

Here, Plaintiffs point to Defendants' "business model" of recruiting students from across the country to argue that the Plaintiffs are geographically diverse, warranting this Court's exercise of jurisdiction under CAFA. Doc. 33, PageID # 207. However, Defendants' "business model" is

4

wholly irrelevant for determining the citizenship of the entire potential class, which must total more than 100 class members. Instead, the party claiming jurisdiction – here, Plaintiffs – bears the burden of establishing the *citizenship of all parties* involved in the case. *See, Akno 1010 Mkt. St. St. Louis Missouri, LLC v. Nahid Pourtahji*, 43 F.4th 624, 627 (6th Cir. 2022) *citing Prime Rate Premium Fin. Corp., Inc. v. Larson,* 930 F.3d 759, 764-65 (6th Cir. 2019) (emphasis added).

### D. Conclusion

Based on the foregoing, Union Institute & University, along with Trustees Edgar L. Smith, Jr., Dr. Jeffrey M. Shepard, Donald Feldman, Roger Allbee, Karen Biestman, Dr. Gladys Gosset Hankins, Dr. Edwin C. Marshall, Christine Van Duelmen, and President Dr. Karen Schuster Webb, respectfully move the Court for an Order dismissing the Class Action Complaint for want of jurisdiction under the Class Action Fairness Act of 2005.

Respectfully submitted,

*/s/ Sean T. Needham*
SEAN T. NEEDHAM (0081382)
JULIE GRACE VANVLIET (0104946)
**REMINGER CO., L.P.A.**
200 Public Square, Suite 1200
Cleveland, Ohio 44114
P: (216) 687-1311 | F: (216) 687-1841
Email: SNeedham@reminger.com
           JVanvliet@reminger.com
*Counsel for Defendants*

### CERTIFICATE OF SERVICE

Pursuant to L.R. 5.2(b), I hereby certify that on July 2, 2025, the foregoing was served electronically and filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

*/s/ Sean T. Needham*
SEAN T. NEEDHAM (0081382)
*Counsel for Defendants*